Good morning. May it please the court. I am Wason Wong. I represent the defendants at balance in this case who are Lauryn Galindo and Daniel Sussott. They are with me in the courtroom today. For this appeal, we are asking the Ninth Circuit, this court, for a reversal of the summary judgment order entered in this case, and the judgment and subsequent orders based on the summary judgment order, all because we believe in the evidence and the facts and the law show that there was clear error in entering the summary judgment order. We are also asking for the disqualification of the district court judge, Judge Leslie Kobayashi. On the basis of her remarks, conduct, and or rulings that clearly demonstrate pervasive personal prejudice against us. Well, but the Leidecky case says that when a judge lives with a case for a while and sees the litigants and the behavior of the litigants in the underlying dispute, and sees how that plays out in the courtroom, if the judge then develops a negative impression about the behavior that is thus disclosed, that that's not a basis for disqualification. And I'm not sure I see anything in what the district judge did in this case that falls outside the Leidecky rule. Can you explain? Because I'm not sure I see it. Yes, Your Honor. I will, but I prefer to go ahead and devote time to the summary judgment order, because that's what gets us our hopeful day in court. But let me address the court's decision or comments about the Leidecky case. I believe the Ninth Circuit case also said in the Van Crony case, Von Crony case, that where you have pervasive personal prejudice that's demonstrated, there is a reason to disqualify the judge. And in this particular case, based on the stay order, the stay denial order that was issued in January 2021, well ahead of the summary judgment order that was issued in August of 2021, Judge Kobayashi commented about this case as follows. She said the 2019 transfer of the property that's involved in this case was reprehensible. She said that was done in bad faith. She said it was unnecessary. Well, the prior trial had resulted in an order voiding the transfer, sending it back to Mr. Daniels, who saw it, and then she had thought should I do a constructive trust after undoing this transfer, but I won't do it because it's not necessary at this point, clearly in the belief that it was going to be attached or somehow made available to satisfy the judgments. And that's not what happened. It got transferred right back to the person from which she had undone the transaction, and she's supposed to look at that and not be disqualified? No, that's not what we're advocating. I understand her disappointment and concern and perhaps even anger at what had happened, but I'm asking the court to take a look at her remarks to see whether or not... It seems that there's a clear intent in that first order, and what was done was, if not against the letter of the order, was certainly against the spirit of the order. And I don't know that a judge has to be happy about seeing that behavior, and Leidecky seems to say that if they're not, that is not a basis for disqualifying them. I concur, but I asked the court to look at other things in this particular case. I asked the court to take a look at that stay-denial order in which Judge Kobayashi, without any facts, made the determination that Lauren Galindo and Daniel Soussat were in privity based on the Gottheiner case that said identical interests are enough to establish privity. But even if we agree with you that the privity determination is erroneous, and we agree that Mr. Soussat was not bound by the prior judgment, Galindo is still bound by the prior judgment. Maybe what the district court should have done is say, well, Galindo is bound, and since I want to put this in a constructive trust, Galindo is bound. It stays with Galindo, and the constructive trust now goes on with it in Galindo's hands, and so basically it ends up in the same place it's in now. Yes, Your Honor, I... Why couldn't she have done that? I mean, that would be within the... Galindo being bound by the prior order couldn't object to that. I have not briefed that, Your Honor, and I don't know the full answer to that. I mean, that's kind of the lead argument in the red brief, is essentially that the constructive trust should be left in that. I haven't, again, briefed that particular argument. All I can see right now is I've had a summary judgment motion against my clients, against Daniel Soussat and Lauren Galindo, and based on that summary judgment motion, we got denied our day in court. As far as a fair and full day in court, I believe that the summary judgment motion was clearly erroneous because of the privity issue, especially because of the... Pardon me, that's not the sole issue on which the judge decided the case. At page 322 ER 070, it says... She says, similarly, considering the rulings in CV 16450 that have preclusive effect in the incident case, right, which is what we've been discussing, privity. And then she goes on, and viewing the record in a light most favorable to defendants, there is insufficient evidence to raise a genuine issue of fact for trial as to defendants' defense that Galindo was a good-faith transferee. Now, that finding of lack of tribal issue of material fact as to whether Galindo was in good faith, why isn't that a separate ground upon which we can affirm? I respect your comments, Judge Baird. It's not a separate ground because that particular finding and ruling was based on her determination that collateral estoppel bound Daniel Sussat to her determination. That's not the way I read it. I read and as a conjunctive word connecting two separate thoughts. One, privity, and two, lack of material fact. But there were so many material facts. Well, now let's talk about that. If my interpretation of what Judge Kobayashi found is correct, let's assume that for a second, what issues of material fact show that Galindo paid adequate consideration for the second transfer of the deed to her? The facts set forth in Daniel Sussat's March 4th, 2019 declaration indicating that he recognized the $380,000 value that she had contributed towards the sale of the property. The fact that indicated that she released him for his liability to repay her that particular amount. The fact that... What liability is there? The 2019 judgment would have extinguished any liability. Not with respect to Daniel Sussat's liability to her. But isn't Ms. Galindo bound by the 2019 judgment? She is not bound in the case involving Daniel Sussat. If she brought a claim against Daniel Sussat for the reimbursement, she could go ahead and assert that reimbursement claim. As I mentioned in the briefs, number one, Daniel Sussat perhaps could allege... Mr. Wong, in the 2016 case, it was found that she had not paid any consideration. And isn't that... And she is bound by that, isn't she? She is bound by that. But in her case against Daniel Sussat, who is not a party to the first case, she would not necessarily be bound by that. Daniel Sussat would have to show that she had a full and fair opportunity in the district court to litigate that issue. And as I had pointed out, she was denied the ability to call him on cross-examination after the plaintiffs had presented his judgment-debtor examination in their case-in-chief. He was in the courtroom ready to testify, and she would not allow us to call him on cross-examination. The appeal from the 2016 judgment is final, isn't it? It is final. It's not here to be re-litigated. Correct. But that issue was not before the court in that particular appeal. And going back to the privity issue, if this court concurs, I believe that the privity issue was the basis by which Judge Kobayashi issued her summary judgment order and respectfully indicate that that was the primary and sole basis for it. Because there were too many other issues, genuine issues of material fact as to his creditor status, excuse me, his debtor status, the issue of his intent, his actual intent based on 11 badges of fraud that were never proven by the plaintiffs, those issues of material fact precludes summary judgment in this particular case. But getting back to Judge Collins' comments, in this particular case I would ask the court to consider conduct and rulings as well as statements. As we all know in our lives, our conduct communicates our feelings, and if the court takes a look at what happened after this state denial order, the court will see that there was pervasive personal prejudice against my clients in this particular case as to number one, the denial of almost all of our opposition arguments and the striking of our concise statement of facts. To top it off, to deny us a hearing on the summary judgment motion. Then to find in the summary judgment motion that my clients were bound without any determination of privity, notwithstanding the fact that we presented to the trial court the Taylor v. Sturgill case, showing the requirement for privity-like determinations in order to be bound. And then in the summary judgment order, not even mentioning privity as the basis for the decision until the order denying our motion for reconsideration. She, in the summary judgment order, made the plaintiff's case for them. As I put it out in our briefs, our renowned district judge from New Mexico had said, a trial judge is not an advocate. He or she does not make the plaintiff's claims for them. In this fraud, just listed by the plaintiffs, never even discussed beyond that, and showed by her analysis how they were going to be met in this particular case. You want to save some time for rebuttal? Yes, Your Honor. Thank you, I will. Okay. I just want to make one more comment about the summary judgment order and the order that denied our motion for reconsideration. In that particular order, she finally recognized privity. But she did it retroactively based on the Gottheiner case that she mentioned in January of 2021. Notwithstanding the fact that we pointed out to her that the Ninth Circuit determined in the subsequent Headwater case that identical interests alone are insufficient to establish privity. I will reserve the rest of my time for rebuttal. Thank you. Thank you, counsel. We'll hear now from Mr. Knappmann. Thank you, Your Honor. May it please the court, Peter Knappmann for plaintiffs, Evan Sousad as trustee and John Sousad. Your Honor, this case may be affirmed easily on the sole basis that defendants failed to raise any genuine issue of material fact there was actual consideration paid for the 2019 transfer, much less that any alleged consideration constituted reasonable value for the transfer of the property the second time from Daniel Sousad to Lauren Galindo after the court had ruled the initial transfer was fraudulent and returned title to Mr. Sousad. But the summary judgment with respect to Mr. Sousad seems to rest on preclusion, which seems to be problematic given the lack of privity under any of the six categories in the Taylor case. First, Your Honor, the Taylor case names the six categories but also states that there are, you know, privity is a broad, flexible concept that can be found under circumstances that warrant privity. In the 2000s... I mean, there were rare, rare circumstances. We had a case, Mendoza, with that found such an exception, but it didn't involve some kind of participation by the other party to be bound indirectly in the litigation. And is that here? Did Mr. Sousad ever, ever show up in the prior litigation in any kind of a formal way? There is a specific finding in the 2016 judgment that Ms. Galindo and Daniel Sousad were insiders and it was a transfer to an insider. That was a factual finding in the first case that was affirmed on appeal. So as to... Did he ever, like, show up as any kind of a witness in a proceeding or file declarations in support or other... in any way in the prior case to sort of indicate that he was, that she was sort of virtually representing him in any way? Well, as Mr. Wong pointed out, he was named as a witness. He was asked to present testimony because of Mr. Wong's failure to meet... I'm not understanding what you're either... you're not projecting. Did he testify as a witness or not? He was not allowed to testify as a witness because Woyzeck and Wong failed to meet the court's deadline to present direct testimony of witnesses and therefore all of the defendant's witnesses in the first action were precluded, other than Laura and Galindo herself. So what... if we were to find that the lack of privity means that preclusion couldn't be applied to Mr. Sousad, then what happens in your view? The judgment can be easily affirmed because issue preclusion does not have to be applied to Mr. Sousad. Issue preclusion has to be applied to Ms. Galindo. The judge Kobayashi ruled that... First of all, the only evidence that was submitted in opposition to my motion for summary judgment was the 2019 declaration of Daniel Sousad. There was no declaration of Laura and Galindo saying that she had actually waived any claims. There was no declaration of Daniel Sousad expounding or adding to the initial declaration which he filed in connection with the recording of the quitclaim deed in the 2019 transaction. There were no witness declarations filed in opposition to summary judgment. And in that declaration, the 2019, did Mr. Dan Sousad raise the issue of having received $384,000 in consideration from Galindo? Mr. Sousad alleged that the consideration... No, you don't allege in a declaration. You state under penalty of perjury in a declaration, you allege in a complaint. I ask the question again, in the declaration, did he state that he had received $384,000 or any other consideration from Galindo? If I recollection of the declaration, it states that he believed the judge's ruling that the consideration was invalid was incorrect. If that is implied as saying that he did in fact receive consideration at that point, however... Well, that is a tribal issue of fact. All of that consideration was raised, was prior to the 2010 transfer. The judge conclusively determined that that consideration was invalid and not true consideration. Because the judge found the consideration invalid as to in the action when Galindo was in it. But Dan was not a party to that action. But Your Honor, the effect of the judge's judgment in the first action is that Galindo had no claim against Daniel Sousad. And Daniel Sousad claimed that he gave her the property because he felt that he owed her money, even though the first action conclusively determined that he did not owe her any money. I would also like to point out, Your Honor, that the judgment was entered only against the property owned by Mr. Galindo. The judgment on appeal does not, in any manner, impact Daniel Sousad. Daniel Sousad was not even a necessary party to that. The problem is the way that it was structured was the property was transferred back from Galindo to Daniel Sousad, and then the constructive trust was placed over it. So if there is a defect in the judgment as to Daniel Sousad, why doesn't that mean it has to go back for the district court to fix it? Because that, from a formalist point of view, that's what was done. Am I wrong? As a matter of, the property was actually transferred by the constructive trustee from Ms. Galindo to my client. The title never actually went to Daniel Sousad. Right, but in the order, the rationale for how this worked in the district court's understanding is that the transfer is undone from Daniel Sousad to Galindo, and then having undone it, the court then imposes a constructive trust. But technically, as the district court laid it out, the constructive trust was being imposed on the property. Maybe he didn't paper it that way in the real estate records, but that's how it's done in the order. It goes back to Daniel, and then the constructive trust is imposed. And if Daniel Sousad couldn't be bound, and we don't find that there's an independent ground to sustain a with Galindo, Galindo is bound, and then the constructive trust goes on with it in Galindo's hands. But why would it have to go back to sort this out? It could go back with orders to reform the judgment to follow the Ninth Circuit's legal reasoning without any impact on, without the necessity of reopening the entire matter. So you're suggesting that we should vacate it but somehow stay it and leave it in place while it's being vacated or re-examined? What are you asking for? If the court believes that there is an issue as the court has just raised, I believe the court has the absolute authority to affirm the grant of summary judgment and order that the judgment be reformed to enter the constructive trust against the property held by Galindo as opposed to this legal fiction where it's returned to Daniel and then the constructive trust. How can we affirm it if we find there's an error in the reasoning of it and there's no privity on that? I'm not that, I mean the court is much more aware of its own powers than I am. There is no actual pragmatic effect and there is no need to reopen the entire litigation to allow a completely different result because what appellants are asking for is they're saying Lauren Galindo and Daniel Sousat want to re-litigate the issue of whether Daniel Sousat actually owed Galindo money and reach a different result adverse to Daniel Sousat's ish interests and reaches completely opposite result in a second case that's completely contradictory to the final judgment in the first case where Lauren Galindo is a party to both and there just doesn't seem to be a sensible basis for that remedy and it also really obviates and voids the entire effect of the bench trial that we went through that was a judgment entered, appealed, affirmed and now they want to just pretend that that did not happen and I can't see that this court truly wishes to allow such a result that completely nullifies the effect of the entire course of the proceedings. There is no genuine issue of material fact that there was no consideration paid by Daniel Sousat to Lauren Galindo. The only evidence submitted in opposition to summary judgment was Daniel Sousat's statement that he believed he owed her money and he believed that she had claims against him. That was finally and completely determined in the first action that she did not have claims against him. He did not owe her any money. That final ruling which was affirmed on appeal means that the purported consideration that was the only thing brought up in opposition to summary judgment that the purported consideration was illusory and void. This entire privity issue although it features very strongly in the rationale of the court and the briefing, in truth the privity issue is not necessary because Lauren Galindo is bound by the first judgment and Lauren Galindo cannot assert that she has claims against Daniel Sousat where the first judgment binds her and completely mandates that she has no claims. She had no property interest in the parcel because she received it as a result of a fraudulent transfer. So therefore his statement that he believed that she had these claims against him and I would point out there's no evidence in the record at all. There's no declaration by Lauren Galindo that she did release claims. There's no evidence of a settlement agreement or release of claims. There's not even a single declaration by Galindo or by Sousat contemporaneously with the opposition to the motion for summary judgment which actually confirms that there was even a release of claims. So Judge Kobayashi is ruling that as she stated if Galindo had no such claims that her purported waiver of those claims could not constitute the value paid to Day-Sousat in the 2019 transfer. This court concludes as a matter of law that Galindo had no actionable claims against Day-Sousat arising from 16450. Galindo's purported waiver of those claims therefore had no value and that ruling is conclusive and that ruling is binding on Galindo. Galindo had no claims. That was why Judge Kobayashi granted summary judgment and found that there was no genuine issue of material fact that the 2019 transfer was fraudulent because it was done with the intent to remove this asset from the plaintiff's ability to execute. It's plain as day that that's what they did. It's plain as day that they're sitting there together with the same attorney acting collusively to avoid the property going to plaintiffs. That is their entire defense to this matter. They don't want property to go to plaintiffs and the reason the rationale for this for any purported consideration is completely illusory and Galindo cannot argue against that and to say that Daniel Sousat can argue against his interest that he did in fact owe money prior to 2010 where the statute of collateral estoppel as a defense to her claims but he doesn't want to because he feels bad. That is not legal consideration justifying the 2019 transfer and there is no genuine issue of material fact that requires further proceedings in this matter. I have nothing further your honors. Okay all right thank you counsel. I think Mr. Wong you have some time for rebuttal. Thank you your honor. To address Judge Beah's concern again about consideration in ER 239 the declaration of Daniel Sousat sets forth he believes that he was paid the $384,051.79 for the Kauai condominium that was transferred to Lauren Galindo and that he accepts her release of the reimbursement claim for that amount against him. It also describes her potential claims against him for emotional distress having to spend attorney's fees to defend herself in the first case and potential punitive damages by which he acknowledges her release of claims as consideration for the 2019 transfer. This declaration shows. This language is very strange Mr. Wong. After reviewing the information in the document attached as exhibit one whatever that is I believe that Lauren Galindo paid or provided benefit to me. And that that's not a statement that she did pay. I believe she paid. I see that your honor. That's a statement of opinion right. Yes and I did point out. Not a fact. One of my briefs that opinions based on facts are allowable to oppose a summary judgment motion and she also gave consideration for the other releases of her other claims that were set forth in the declaration. Going back to privity I would suggest the court take a 30 second you're over your time but I'll give you 30 seconds. Thank you your honor. I would suggest the court take a look at the Bates case again with respect to privity and it shows me that Hawaii law should be used in terms of the privity determination because the Hawaii Supreme Court has indicated that it would use Hawaii privity law in place of federal privity law to make that determination and we have two diversity cases. The first case was a diversity case judgment using Hawaii law. The second case is again a Hawaii case law dependent decision to be made using the fraudulent conveyance statute of Hawaii. When you have that situation this ninth circuit has said use Hawaii law. Hawaii law says you need control of the first litigation or ballot representation designation okay and in either case this was fulfilled. All right thank you counsel. Thank you your honor. Thank you both counsel for their arguments and the case just argued will be submitted.
judges: BEA, COLLINS, LEE